```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

JEAN LICHTFUSS                  *         CIVIL ACTION

VERSUS                          *         NO: 06-9923

ENCOMPASS INSURANCE COMPANY,    *         SECTION: "D"(3)
ET AL
```

**ORDER AND REASONS**

Before the court is the **"Motion to Remand"** filed by Plaintiff, Jean Lichtfuss.  Defendant, Encompass Insurance Company, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, February 28, 2006, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

**I.  Background**

In this Katrina-related matter, Plaintiff initially filed suit on August 28, 2006, in the Civil District Court for the Parish of Orleans, State of Louisiana, against **Encompass Insurance Company**, the company which allegedly issued Plaintiff her homeowner's insurance policy, and **Insurance Underwriters**, Plaintiff's alleged

insurance agent.

Plaintiff's allegations against **Insurance Underwriters, a non-diverse Defendant**, include the following:

XVII.

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes.  At the time plaintiffs were seeking to obtain insurance, defendant insurance agent within the last year, failed in its capacity as an insurance agent to properly advise plaintiffs (*sic*) as to their options, including but not limited to the following:

a. Providing plaintiffs (*sic*) the option of purchasing excess flood insurance;

b. Failing to inform plaintiffs (*sic*) that damages caused by a hurricane may not be covered under their chosen policy;

XVIII.

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane coverage, and within the last three (3) years has made and/or requested changes.  Plaintiffs (*sic*) plead concurrently and in the alternative that Defendant insurance agent within the last year was negligent and/or breached their agreement with plaintiffs (*sic*) by failing to procure adequate insurance coverage for plaintiffs' (*sic*) properties.  Their acts of omission and/or commission include but or not limited to:

a. failing to procure adequate flood insurance coverage for buildings[;]

2

> b.  failing to procure property insurance that would provide coverage for Hurricane-related damages and losses; [and]
>
> c.  failing to advise plaintiffs of the inadequacy of their flood coverage ...
>
> XX.
>
> At all time pertinent hereto, Defendant insurance agent held itself out as an agent and/or broker with an expertise in analyzing risk and procuring insurance coverage. Prior to purchasing the insurance for their properties, plaintiffs (*sic*) retained Defendant insurance agent to provide advice, and to act as their agent in procuring necessary insurance coverage for the property that was adequate to fully protect their properties.

(*See* Petition, attached to Removal Papers).

Defendant Encompass removed the matter to this court on the basis of diversity jurisdiction, and arguing that the non-diverse Defendant Insurance Underwriters was fraudulently joined. In particular, Encompass asserts that Plaintiff's claims against Insurance Underwriters are perempted and/or prescribed under LSA-R.S. 9:5606(A). However, in the instant Motion to Remand, Plaintiff argues Encompass cannot meet its heavy burden of showing fraudulent joinder.

## II. Legal Analysis

Under Louisiana law, insurance agents have a duty to supply their customers with correct information, and they may be liable

3

for negligent misrepresentation when they provide incorrect information and the insured is thereby damaged. *See e.g., Venture Assocs. Inc. v. Transportation Underwriters*, 634 So.2d 4, 6-7 (La. App. 3rd Cir. 1994). Further, a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973).

In determining whether or not Plaintiff's claims against Insurance Underwriters are prescribed and/or perempted, the court looks to LSA-R.S. 9:5606 which provides:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, **in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.**
>
> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

>       C.      The peremptive period provided in
>               Subsection A of this Section shall not
>               apply in cases of fraud, as defined in
>               Civil Code Article 1953.[1]
>
>       D.      The one-year and three-year periods of
>               limitation provided in Subsection A of
>               this Section are peremptive periods
>               within the meaning of Civil Code Article
>               3458 and, in accordance with Civil Code
>               Article 3461, may not be renounced,
>               interrupted, or suspended.

LSA-R.S. 9:5606 (emphasis added).

Here, Plaintiff makes allegations against Defendant Insurance Underwriters presumably pertaining to the renewal of the subject policy.[2] However, subsequent renewals of insurance policies do not restart the prescriptive period on torts *committed at the time of the initial purchase*. *Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182 (La. App. 5th Cir. 2004). For "each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which give rise to immediately

---

[1] Louisiana Civil Code Article 1953 provides:

   **Fraud may result from misrepresentation or from silence**

   Fraud is a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.  Fraud may also result from silence or inaction.

La.Civ.Code Art. 1953.

[2] *See* Encompass' Exhibit 1, Affidavit of Linda Sisson, who is employed by Encompass' Claim Support Unit, and attests that the subject homeowner's policy was issued from July 1990 through August 29, 2005.

apparent damages." *Id. quoting Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382 (La. App. 1st Cir. 2003).

However, without further factual development, the court cannot conclude from the record whether "these renewals were nothing more than a continuation of the ill effects of an original unlawful act"[3] committed at the time of initial purchase which appears to be in 1990[4] (in which case Plaintiff's claims would be perempted) or whether the renewal allegations against Defendant Insurance Underwriters are based on conduct, consisting of separate and distinct acts from those committed at the time of initial purchase (in which case Plaintiff's claims may not be perempted).

Further, while the subject policy was apparently last renewed on or about July 18, 2005,[5] and suit was filed on August 28, 2006, the court finds that further factual development is also needed to determine when Plaintiff discovered or should have discovered the agent's alleged errors and omissions.

At this stage, the court must resolve disputed questions of

---

[3] *Bel v. State Farm Mutual Automobile Ins. Co.,* 845 So. 2d 377, 382 (La. App. 1st Cir. 2003).

[4] *See* fn. 2, *supra.*

[5] *See* Defendant's Exhibit No. 2, a copy of the subject policy with Declaration Page indicating that policy period was "7/18/2005 to 7/18/2006."

fact in Plaintiff's favor,[6] and the court thus finds that Encompass has not satisfied its heavy burden of demonstrating that Plaintiff has no reasonable possibility of recovery against Insured Underwriters, a non-diverse Defendant.[7]

Finally, Defendant Encompass argues that Plaintiff's claims against Defendant Insurance Underwriters are improperly joined under the misjoinder doctrine of *Tapscott v. MS Dealers Services Corp.*, 77 F.3d 1353, 1355-60 (11th Cir. 1996).[8] However, the court finds this mis-joinder argument is misplaced.  The Plaintiff's claims against Encompass (the insurance provider) and Insurance Underwriters (the agent) all arise from an issue of insurance coverage for damages sustained to Plaintiff's property in the aftermath of Hurricane Katrina, thus satisfying the requirement for

---

[6]   *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

[7]   *Guillory v. PPG Industries, Inc.,* 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[8]   In *Tapscott*, the Eleventh Circuit found that when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant, this can serve as a third situation of fraudulent joinder in addition to the two identified in *Smallwood*.

The Fifth Circuit appears to have adopted *Tapscott's* fraudulent joinder principle in *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002).

joinder under Federal Rule of Civil Procedure 20.[9]

In similar factual contexts, courts in this district have found a "palpable connection" between claims against an insurance company and an insurance agent, such that the claims were not fraudulently joined.[10] Thus, the court concludes that there is no improper joinder on this ground. And, even if Plaintiffs' claims against Insurance Underwriters and Encompass were problematic under Rule 20, the court finds that in this case such joinder would not be "so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360; *Richmond v. Chubb Grp.*, 2006 WL 2710566 at *6 (E.D.La. Sept. 20, 2006)(Africk, J.).

Accordingly, because complete diversity is lacking in this matter,

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **GRANTED**, remanding this case to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction.

---

[9] Rule 20(a) states in pertinent part: "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions and occurrences and if any question of law of fact common to all defendants will arise in the action."

[10] *See e.g.*, *Botnick v. Vigilant Ins. Co.*, 2006 WL 2947912 at *7 (E.D.La. Oct. 13, 2006)(Vance, J.); *Radlauer v. Great N. Ins. Co.*, 2006 WL 1560791 at *5-6 (E.D.La. May 16, 2006)(Zainey, J.).

New Orleans, Louisiana, this **2nd** day of **March, 2007.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE